UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Neil Brandon Wolfson,

    Plaintiff,

v.                                  Civil No. 14-4469 (JNE/BRT)
                                       ORDER

Allianz Life Insurance Company of North America,

    Defendant.

In a Report and Recommendation dated March 26, 2015, the Honorable Becky R. Thorson, United States Magistrate Judge, recommended that Neil Brandon Wolfson's Motion to Vacate Arbitration Award be denied, that Allianz Life Insurance Company of North America's Application to Confirm Arbitration Award be granted, and that judgment be entered in Allianz's favor. Wolfson objected, and Allianz responded. Based on a de novo review of the record, the Court overrules the objection and accepts the recommended disposition. *See* 28 U.S.C. § 636(b)(1) (2012).

In his objection, Wolfson first argued that the magistrate judge erred by denying him the opportunity to submit briefing on the issue of whether he should be allowed to engage in limited discovery to support his contention that the arbitration award was procured by fraud. The magistrate judge denied his oral motion to file supplemental briefing in February 2015. Wolfson did not object within the time allowed. *See* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(1). The Court rejects his first argument.

Next, Wolfson asserted that the magistrate judge erred by concluding that he had failed to establish the arbitration award was procured by fraud. For the reasons set forth

1

in the Report and Recommendation, the Court concludes that Wolfson failed to demonstrate the arbitration award was procured by fraud.

Finally, Wolfson argued that the magistrate judge erred by failing to consider his claim that the arbitration award manifestly disregarded the law. He acknowledged that the Eighth Circuit does not recognize manifest disregard for the law as a ground to vacate an arbitration award. He cited cases from other circuits to support his argument. The Court rejects it. *See Air Line Pilots Ass'n Int'l v. Trans States Airlines, LLC*, 638 F.3d 572, 578 (8th Cir. 2011) (stating *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008), "eliminated judicially created vacatur standards under the [Federal Arbitration Act], including manifest disregard for the law"); *Med. Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 489 (8th Cir. 2010).

In short, the Court overrules Wolfson's objection and accepts the recommended disposition [Docket No. 42]. Therefore, IT IS ORDERED THAT:

1. Wolfson's Motion to Vacate Arbitration Award [Docket No. 2] is DENIED.

2. Allianz's Application to Confirm Arbitration Award [Docket No. 19] is GRANTED.

3. Judgment is entered in favor of Allianz in the amount of $542,807.25, plus pre-award interest at a rate of 6% per year from August 23, 2013, through July 25, 2014, as ordered by the final arbitration award, and post-award, pre-judgment interest at a rate of 10% per year from July 26, 2014, until judgment is entered in this case.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 11, 2015

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge